IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONSTANCE WILSON ANDRESEN,** | : | CIVIL ACTION NO. 1:20-CV-989 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** *et al.*, | : | |
| | : | |
| Defendants | : | |

# ORDER

AND NOW, this 29th day of March, 2021, upon consideration of the report (Doc. 43) of Magistrate Judge Martin C. Carlson, recommending that the court grant the motion (Doc. 13) to dismiss filed by defendant Erica Shoaf and dismiss *pro se* plaintiff Constance Wilson Andresen's complaint against her with prejudice for failure to allege any wrongdoing, failure to allege state action as required to pursue a claim under 42 U.S.C. § 1983, and, as to Andresen's claims for malicious prosecution and false arrest, an inability to overcome the favorable-termination rule of Heck v. Humphrey, 512 U.S. 477 (1994), and the court noting that Andresen has filed a "reply opposition" to the report, (see Doc. 50), which we construe as an objection, see FED. R. CIV. P. 72(b)(2), and following *de novo* review of the contested portions of the report, see E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), the court finding Judge Carlson's analysis to be well-reasoned and fully

supported by the applicable law, and finding Andresen's objection to be without merit,[1] it is hereby ORDERED that:

1. Magistrate Judge Carlson's report (Doc. 43) is ADOPTED.

2. Shoaf's motion (Doc. 13) to dismiss is GRANTED and Andresen's complaint is DISMISSED with prejudice as to Shoaf.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

---

[1] Andresen's objections fail to identify any error in Judge Carlson's report. Instead, the objections offer a 28-page summary of the facts that Andresen believes support her various legal theories in this case. Even if we were to accept the alleged facts as true, none of them cure the threshold deficiency identified in the report: that Shoaf is not a state actor. We thus agree with Judge Carlson's conclusion that leave to amend as to this defendant would be futile.