## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONSTANCE WILSON ANDRESEN,** | : | **CIV NO. 1:20-CV-989** |
| | : | |
| **Plaintiff,** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM  ORDER

### I.    Factual and Procedural Background

This is a *pro se* civil rights lawsuit that was originally brought by Constance Wilson Andresen against six individual and institutional defendants. (Doc. 1). This civil lawsuit appears to arise out of prior criminal proceedings brought against Andresen in the Court of Common Pleas of Huntingdon County. As to these underlying criminal proceedings, state court records reveal that On October 4, 2019, Andresen entered a plea of *nolo contendere* to barratry, a violation of 18 Pa. Cons. Stat. Ann. § 5109.[1] As a result of her conviction, Andresen was required to pay costs

---

[1] Pennsylvania defines the crime of barratry in the following terms: "A person is guilty of a misdemeanor of the third degree if he vexes others with unjust and vexatious suits." 18 Pa. Cons. Stat. Ann. § 5109.

1

of prosecution and was fined. Following the dismissal of a number of parties and claims, the plaintiff was afforded leave to amend her complaint and has now filed an amended complaint. (Doc. 75). This amended complaint apparently seeks to reinstate claims against previously dismissed parties, including parties who were dismissed from this lawsuit with prejudice. This amended complaint has inspired a series of motions to dismiss. (Docs. 78, 80, 81, 82 and 84). Notwithstanding these legal attacks upon the sufficiency of the amended complaint, the plaintiff has filed a motion to compel fact discovery. (Doc. 88). For the reasons set forth below, this motion to compel is DENIED. Instead we will set a briefing schedule for the pending motions to dismiss.

## II.  Discussion

Several basic guiding principles inform our resolution of the instant discovery issues. At the outset, rulings regarding the proper scope and timing of discovery are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the timing and scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion.

<u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching

discretion extends to rulings by United States Magistrate Judges on discovery

matters. In this regard:

> District courts provide magistrate judges with particularly broad
> discretion in resolving discovery disputes. <u>See</u> <u>Farmers & Merchs.</u>
> <u>Nat'l Bank v. San Clemente Fin. Group Sec., Inc.</u>, 174 F.R.D. 572, 585
> (D.N.J. 1997). When a magistrate judge's decision involves a
> discretionary [discovery] matter . . . , "courts in this district have
> determined that the clearly erroneous standard implicitly becomes an
> abuse of discretion standard." <u>Saldi v. Paul Revere Life Ins. Co.</u>, 224
> F.R.D. 169, 174 (E.D. Pa. 2004) (citing <u>Scott Paper Co. v. United</u>
> <u>States</u>, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a
> magistrate judge's discovery ruling "is entitled to great deference and
> is reversible only for abuse of discretion." <u>Kresefky v. Panasonic</u>
> <u>Commc'ns and Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J. 1996); <u>see also</u>
> <u>Hasbrouck v. BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45
> (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under
> abuse of discretion standard rather than de novo standard); <u>EEOC v.</u>
> <u>Mr. Gold, Inc.</u>, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a
> magistrate judge's resolution of discovery disputes deserves substantial
> deference and should be reversed only if there is an abuse of discretion).

<u>Halsey v. Pfeiffer</u>, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We also note that our broad discretion over discovery matters extends to

decisions under Rule 26 relating to the issuance of protective orders limiting and

regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and

nature of [a protective order] is singularly within the discretion of the district court

and may be reversed only on a clear showing of abuse of discretion.' " <u>Dove v.</u>

Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (quoting Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973)) (citation omitted).

This discretion is guided, however, by certain basic principles. One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F. App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843, 849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense, and burden of factual discovery until after these claimed legal defenses are addressed by the court. In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991)) (citing Flores v. Southern Peru Copper Corp., 203

F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); <u>Anti-Monopoly, Inc. v. Hasbro, Inc.</u>, 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

<u>Johnson v. New York Univ. School of Educ.</u>, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

## III.   <u>Order</u>

Given the pending and substantial motions to dismiss that have been filed here by previously dismissed defendants in the exercise of our discretion we will DENY this motion to compel discovery. (Doc. 88). Instead discovery is STAYED pending resolution of the outstanding motions to dismiss. IT IS FURTHER ORDERED that with respect to the motions to dismiss that are fully briefed by the defendants (Docs. 81 and 82), the plaintiff shall respond to these motions on or before **June 25, 2021**. As to the other pending motions to dismiss the plaintiff shall file a response in opposition to those motions within 14 days after the filing of a brief in support of the motions. All briefs must conform to the requirements prescribed by Local Rule 7.8. No further extensions shall be granted, absent compelling circumstances. The plaintiff, who is proceeding *pro se*, is advised that Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions, and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to

limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.' Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)." Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010). Therefore, a failure to comply with this direction may result in the motion being deemed unopposed and granted.

So ordered this 11th day of June 2021.

S/Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge