IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONSTANCE WILSON ANDRESEN,** | : | CIV NO. 1:20-CV-989 |
| **Plaintiff,** | : | (Judge Conner) |
| v. | : | (Magistrate Judge Carlson) |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.  Factual Background

In this case, we are called upon to assist the parties in addressing the last remaining motions in this lawsuit whose underlying merits have largely been resolved. This is a *pro se* civil rights lawsuit first brought by Constance Wilson Andresen in June of 2020 against six individual and institutional defendants. (Doc. 1). This civil lawsuit appeared to arise out of prior criminal proceedings brought against Andresen in the Court of Common Pleas of Huntingdon County. As to these underlying criminal proceedings, state court records reveal that on October 4, 2019, Andresen entered a plea of *nolo contendere* to barratry, a violation of 18 Pa. Cons.

Stat. Ann. § 5109.[1] See Commonwealth v. Andresen, Crim. No. CP-31-CR-0000442 (CCP, Huntingdon County, Pa). As a result of her conviction, Andresen was required to pay costs of prosecution and was fined. Notwithstanding her *nolo contendere* plea to this charge, in her initial complaint, Andresen has sued a host of individual and institutional defendants, alleging that these defendants engaged in "[e]xcessive force, false probable cause, false address [sic], abuse of process, assault, injury/surgery, verbal abuse of threats/bullying" in violation of the Fourth and Fourteenth Amendments.

Currently, only one defendant—State Police Corporal Jonathan Thomas—and one claim—excessive force—remain in this case. Yet, after some 18 months of litigation, marked by the dismissal of numerous claims and parties, the plaintiff now seeks an open-ended stay of this litigation. In support of this request the plaintiff cites the loss of a legal assistant in July of 2021, her desire to see if an attorney would be willing to step into this case after her protracted litigation of this lawsuit and other, personal, matters. (Doc. 127). This motion, which has been unaccompanied by any brief, is opposed by those remaining defendants who have an active interest in the litigation of this case. These defendants assert that the open-ended stay sought

---

[1] Pennsylvania defines the crime of barratry in the following terms: "A person is guilty of a misdemeanor of the third degree if he vexes others with unjust and vexatious suits." 18 Pa. Cons. Stat. Ann. § 5109.

by the plaintiff is highly prejudicial, especially since, for the most part, the plaintiff's claims have repeatedly been rejected on their merits, and her sole remaining excessive force claim involves specifically alleged conduct and is straightforward in its proof. Citing the need for the prompt, orderly and fair resolution of the serious allegations that Wilson Andresen has chosen to level and pursue for the past one and one half years, the defendants contend that this stay request should be denied.

We agree and will deny this request.

## II. Discussion

As we have noted in the past:

> The legal standards which govern stay requests are familiar ones and emphasize the court's broad discretion. Nonetheless that discretion is guided by certain basic principles. As part of the district court's power to control the disposition of civil matters that come before it, the court has the power to stay proceedings when judicial economy or other interests may require. Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936); see also CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 136 (3d Cir. 2004); Barker v. Kane, 149 F. Supp. 3d 521, 525 and n.42 (M.D. Pa. 2016). "A stay is an extraordinary measure, and the decision to impose a stay rests within the sound discretion of the district court." Barker v. Kane, 149 F. Supp. 3d 521, 525 (M.D. Pa. 2016) (citing In re Adelphia Commcn's Secs. Litig., No. 02-1781, 2003 WL 22358819, at *2 (E.D. Pa. May 13, 2003)); see also Landis, 299 U.S. at 254-56. Thus, under this abuse of discretion standard, a trial court's control of its docket will not be disturbed " 'except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.' " Miller v. Ashcroft, 76 F. App'x 457, 461 (3d Cir. 2003) (citations omitted). Moreover, any party challenging a ruling denying a continuance or stay request, "ha[s] a heavy burden to bear, ..., as matters of docket control and conduct of [litigation] are committed to the sound discretion of the district court." In re Fine Paper Antitrust

Litigation, 685 F.2d 810, 817 (3d Cir. 1982) (citations omitted). Furthermore, when exercising this discretion, we acknowledge a basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice." "See Fed. R. Civ. P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion...." McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir. 1998) (affirming denial of request for extension of time). Therefore, where delays by one party unfairly prejudice the rights and interests of the opposing party, the proper exercise of discretion calls for the denial of any motion for a stay of proceedings.

Fouad v. Milton Hershey Sch. & Tr., No. 1:19-CV-253, 2020 WL 4206187, at *2 (M.D. Pa. July 22, 2020).

In this case, a dispassionate assessment of these factors weighs heavily against the plaintiff and her request for an indefinite stay of proceedings. At the outset, a general stay would be highly prejudicial to the interests of the defendants, who have been compelled to engage in protracted litigation over the past 18 months involving dozens of motions and filings, coupled with repeated efforts by the plaintiff to pursue claims that she has been informed lack merit.

Further, the grounds advanced by Wilson Andresen in her motion for stay do not justify this relief or warrant this continuing prejudice to the defendants. Indeed, a number of the hardships cited by Wilson Andresen predated the filing of this lawsuit and allegedly occurred in 2019. Therefore, these matters cannot now be seen as reasonably justifying a delay in the lawsuit she chose to file after these events occurred. As for the loss of her assistant in July of 2021, since that time the plaintiff

has continued to actively litigate this case, filing numerous pleadings. (Docs. 107-131). Thus, for the past six months, Wilson Andresen has shown both a willingness and ability to litigate this case on her own.

Andresen Wilson also cites the fact that she may now belatedly be seeking the assistance of counsel in this case as a basis for an indefinite stay of proceedings. However, this consideration, standing alone, does not justify the open-ended stay which she seeks. Nor does it overcome the prejudice to the defendants that would result from such a stay. While we appreciate the plaintiff's interest in securing counsel, we also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).  In this regard, the discretionary standards for appointment of counsel in civil lawsuit are illustrative as we consider the plaintiff's request for a stay as she seeks out counsel. In Parham v. Johnson, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel in a civil case. In passing on such we requests we must first:

> [D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the

>testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457.

In the instant case, we are constrained to note that, while the plaintiff claims a need for counsel now, she has copied her own counsel on countless filings over the past 18 months. Given this ongoing communication that Wilson Andresen has displayed with some attorney in the course of this litigation, it is entirely unclear what further legal aid she needs at this time. Moreover, the threshold consideration we must take into account—the merits of the plaintiff's claims—also weighs heavily against the plaintiff, since the vast bulk of her claims have been dismissed. As for the sole remaining claims in this case, these matters involve an isolated episode, a discrete body of facts, and Wilson Andresen has displayed a complete familiarity with these matters in the course of this litigation. Therefore, all of these discretionary considerations which we apply in this field caution against some further delay and stay of these proceedings as the plaintiff engages in what may be a quixotic quest for counsel.

Having found that the stay sought by the plaintiff would be highly prejudicial to the remaining defendants, and further concluding that the plaintiff has not shown a need for the open-ended stay she seeks, this motion will be denied.

An appropriate order follows.

## III. **Order**

AND NOW this 29th day of November, 2021, in accordance with the accompanying Memorandum, the plaintiff's Motion to Stay (Doc. 127) is DENIED.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
