# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONSTANCE WILSON ANDRESEN,** | : | **CIV NO. 1:20-CV-989** |
| **Plaintiff,** | : | **(Judge Conner)** |
| v. | : | **(Magistrate Judge Carlson)** |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : | |
| **Defendants.** | : | |

## ORDER

This is a *pro se* civil rights lawsuit that was originally brought by Constance Wilson Andresen against six individual and institutional defendants. (Doc. 1). This civil lawsuit arose out of prior criminal proceedings brought against Andresen in the Court of Common Pleas of Huntingdon County. As to these underlying criminal proceedings, state court records reveal that on October 4, 2019, Andresen entered a plea of *nolo contendere* to barratry, a violation of 18 Pa. Cons. Stat. Ann. § 5109.[1] See Commonwealth v. Andresen, Crim. No. CP-31-CR-0000442(Court of Common Pleas of Huntingdon County, Pennsylvania). As a result of her conviction, Andresen

---

[1] Pennsylvania defines the crime of barratry in the following terms: "A person is guilty of a misdemeanor of the third degree if he vexes others with unjust and vexatious suits." 18 Pa. Cons. Stat. Ann. § 5109.

was required to pay costs of prosecution and was fined. Wilson Andresen's guilty plea conviction on this state charge has proven to be an insurmountable obstacle to her sweeping false arrest and malicious prosecution claims and many of these claims and defendants have been dismissed from this case. Currently only one defendant, Trooper Thomas, and one legal claim, a Fourth Amendment excessive force claim, remain in this lawsuit.

As discovery was drawing to a close in this case, at the plaintiff's request we directed that the clerk may provide the plaintiff with subpoenas which she may issue and serve in accordance with Rule 45 of the Federal Rules of Civil Procedure. However, these subpoenas were provided to the plaintiff without prejudice to any party or subpoenaed individual objecting to further discovery.

We have now received a series of motions, requests and filings from the parties, seeking discovery relief and clarification of our prior orders. (Docs. 164, 165, 171, 172, 173).We accept responsibility for some of this apparent confusion experienced by the parties which was a consequence of typographical errors in our prior orders. However, in order to try to provide the parties with some clarity, IT IS ORDERED as follows:

First, with respect to the motion to quash filed by Attorney Gregory Jackson and Attorney William Tressler, (Doc. 165), enforcement and compliance with the

subpoenas is STAYED pending further action by the court and on or before **July 18, 2022**, Wilson Andresen shall file a response to the motion to quash.

Second, to the extent that the plaintiff has filed a motion for clarification (Doc. 171), seeking to have us correct our prior order (Doc. 169) to state that the previously set discovery deadline expired on June 27, 2022, this motion is GRANTED; however, to the extent that the plaintiff asks us to reinstate the extended discovery deadline of August 26, 2022, this motion is DENIED without prejudice to the court setting an extended discovery deadline, if appropriate, after receipt and consideration of the defendant's response to the motion to extend discovery deadlines, which is due **on or before Monday, July 18, 2022**. IT IS FURTHER ORDERED that the parties shall confer and file a joint status report, outlining the remaining discovery they wish to undertake **on or before Monday, July 18, 2022** so we may have the benefit of this information as we consider the motion for extension of discovery deadlines.

Third, the defendants shall respond to the plaintiff's motion to serve additional subpoenas (Doc. 173) on or before **July 25, 2022**.

Fourth, the plaintiff's motion to strike the defendant's motion for judgment on the pleadings (Doc. 172) is DENIED. The defendants shall file a brief in support of this motion for judgment on the pleadings (Doc. 165) on or before **July 21, 2022**. The plaintiff may file a brief in opposition to the motion for judgment on the

pleadings on or before **August 4, 2022**. The defendant may then file a reply brief on or before **August 18, 2022**.

So ordered this 11th day of July 2022.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge