# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONSTANCE WILSON ANDRESEN,** | : | **CIV NO. 1:20-CV-989** |
| | : | |
| **Plaintiff,** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMROANDUM AND ORDER

### I.   Factual Background

This is a *pro se* civil rights lawsuit that was originally brought by Constance Wilson Andresen against six individual and institutional defendants. (Doc. 1). This civil lawsuit arose out of prior criminal proceedings brought against Andresen in the Court of Common Pleas of Huntingdon County. As to these underlying criminal proceedings, state court records reveal that on October 4, 2019, Andresen entered a plea of *nolo contendere* to barratry, a violation of 18 Pa. Cons. Stat. Ann. § 5109.[1] See Commonwealth v. Andresen, Crim. No. CP-31-CR-0000442 (Court of Common

---

[1] Pennsylvania defines the crime of barratry in the following terms: "A person is guilty of a misdemeanor of the third degree if he vexes others with unjust and vexatious suits." 18 Pa. Cons. Stat. Ann. § 5109.

Pleas of Huntingdon County, Pennsylvania). As a result of her conviction, Andresen was required to pay costs of prosecution and was fined. Wilson Andresen's guilty plea conviction on this state charge has proven to be an insurmountable obstacle to her sweeping false arrest and malicious prosecution claims and many of these claims and defendants have been dismissed from this case. Currently only one defendant, Trooper Thomas, and one legal claim, a Fourth Amendment excessive force claim, remain in this lawsuit.

As discovery was drawing to a close in this case, at the plaintiff's request we directed that the clerk may provide the plaintiff with subpoenas which she may issue and serve in accordance with Rule 45 of the Federal Rules of Civil Procedure. However, these subpoenas were provided to the plaintiff without prejudice to any party or subpoenaed individual objecting to further discovery.

We then received a motion to quash subpoenas served by the plaintiff on Attorney Gregory Jackson and Attorney William Tressler. (Doc. 165). Attorney Jackson was previously named as a defendant in this case but was dismissed from this lawsuit. Attorney Tressler appears to have played some role in Wilson Andresen's criminal case although the precise nature of his involvement in these matters is unclear.

The subpoenas commanded the appearance of these witnesses on July 13, 2022 for depositions, and appeared to seek wide-ranging information relating to

other criminal and civil litigation conducted by Wilson Andresen. While some of this information may have had some colorable connection to the previously dismissed malicious prosecution claims in this case, notably missing from the subpoenas was any indication that these subpoenaed witnesses possessed any relevant testimony regarding the sole remaining claim in this lawsuit, the Fourth Amendment excessive force claim lodged against Trooper Thomas.

Given this apparent lack of relevance, we stayed enforcement of these subpoenas and directed the plaintiff to provide us with a proffer of relevance and response to the motion to quash on or before **July 18, 2022**. (Doc. 167). We have received and reviewed the plaintiff's response to this motion to quash. (Docs. 180, 181). These pleadings consist of a 170-page stream-of-consciousness narrative which, in our judgment, fails to recognize the law of the case, which now limits Wilson Andresen to a Fourth Amendment excessive force claims against Trooper Thomas. Instead, Wilson Andresen presents a litany of unrelated claims arising out of an array of prior civil and criminal cases, coupled with illustrated accounts of her own medical travails over the years, various family photos, assorted newspaper articles, miscellaneous court records and various declarations setting forth vague conspiratorial concerns that Wilson Andresen has based upon the death of her former assistant at his Maryland apartment. (Id.)

While these materials may provide some insight into the plaintiff's perception and perspective, as discussed below, the proffer does not illustrate that these witnesses possess any relevant evidence relating to the sole issue in this case, and excessive force claim pertaining to Trooper Thomas. Accordingly, the motion to quash, (Doc. 165), will be granted.

## II.    Discussion

Several basic guiding principles inform our resolution of this discovery dispute. At the outset, "Rule 45 of the Federal Rules of Civil Procedure establishes the rules for discovery directed to individuals and entities that are not parties to the underlying lawsuit. Fed. R. Civ. P. 45. A subpoena under Rule 45 'must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1).'" First Sealord Sur. v. Durkin & Devries Ins. Agency, 918 F.Supp.2d 362, 382 (E.D. Pa. 2013) (quoting OMS Invs., Inc. v. Lebanon Seaboard Corp., No. 08–2681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008)). Rule 45 also confers broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands. In this regard, it is well settled that decisions on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. R.J. Reynolds Tobacco v. Philip Morris Inc, 29 F. App'x 880, 881 (3d Cir. 2002). This far-reaching discretion extends to decisions regarding how to

enforce compliance with subpoenas, where "[i]t is well-established that the scope and conduct of discovery are within the sound discretion of the trial court." Coleman-Hill v. Governor Mifflin School Dist, 271 F.R.D. 549, 552 (E.D. Pa. 2010) (quoting Guinan v. A.I. duPont Hosp. for Children, No. 08–228, 2008 WL 938874, at *1 (E.D. Pa. Apr. 7, 2008); Marroquin–Manriquez v. INS, 699 F.2d 129, 134 (3d Cir. 1983)) (internal quotations omitted).

This broad discretion, however, is guided by certain general principles. At the outset, when considering a motion to quash or modify a subpoena, we are enjoined to keep in mind that the reach of a subpoena is defined by the proper scope of discovery in civil litigation. As one court aptly observed:

> Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure authorizes a court to quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv), 28 U.S.C. (1994); see Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enter., 160 F.R.D. 70, 72 (E.D. Pa. 1995) (Joyner, J.) (stating same). Accordingly, a court may quash or modify a subpoena if it finds that the movant has met the heavy burden of establishing that compliance with the subpoena would be "unreasonable and oppressive." Id. (citing Heat & Control, Inc. v. Hester Indus., 785 F.2d 1017, 1023 (Fed. Cir. 1986)). [However, when assessing a motion to quash we must also consider the fact that] Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Wright v. Montgomery County, No. 96-4597, 1998 WL 848107, *2 (E.D. Pa. Dec. 4, 1998). Thus, in ruling upon objections to a subpoena, "this court is required to apply the balancing standards-relevance, need, confidentiality and harm. And even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." Mannington Mills, Inc. v. Armstrong World Indus., Inc., 206 F.R.D. 525, 529 (D. Del. 2002). The court's evaluation of a motion to quash a Rule 45 subpoena is also governed by shifting burdens of proof and persuasion. Accordingly, "the subpoenaing party bears the initial burden to establish the relevance of the material sought, and then the burden shifts to the subpoenaed party to demonstrate that the subpoena seeks privileged or otherwise protected material under Rule 45." L.W. v. Lackawanna Cty., Pa., No. 3:14CV1610, 2015 WL 1499865, at *1 (M.D. Pa. Apr. 1, 2015) (citing In re Domestic Drywall Antitrust Litig., 300 F.R.D. 234 (E.D. Pa. 2014)).

In the instant case, the plaintiff's subpoenas to Attorneys Jackson and Tressler fail on the threshold consideration of relevance. Once again, we emphasize for Wilson Andresen that the sole remaining claim in this case is a Fourth Amendment excessive force claim against Trooper Thomas. Nothing in the far-reaching and speculative offer of proof filed by the plaintiff suggests that these attorneys possess any relevant information regarding this claim. Instead, these sweeping subpoenas

seem to be focused upon unrelated conspiratorial concerns voiced by the plaintiff arising out of other cases and the death of her legal assistant. Since these matters involve claims that have either been dismissed or entail issues that are not properly before the court, compliance with the subpoenas would not garner relevant evidence but would be oppressive and burdensome for the subpoenaed parties. In these circumstances, the exercise of our discretion calls upon us to grant the motion to quash these subpoenas.

An appropriate order follows.

**III.   <u>Order</u>**

In accordance with the accompanying memorandum, IT IS ORDERED that the motion to quash subpoenas served by the plaintiff on Attorney Gregory Jackson and Attorney William Tressler, (Doc. 165), is GRANTED.

So ordered this 25th  day of July 2022.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge
