# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONSTANCE WILSON ANDRESEN,** | : | **CIV NO. 1:20-CV-989** |
| | : | |
| **Plaintiff,** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.    Factual Background

This is a *pro se* civil rights lawsuit that was originally brought by Constance Wilson Andresen against six individual and institutional defendants. (Doc. 1). This civil lawsuit arose out of prior criminal proceedings brought against Andresen in the Court of Common Pleas of Huntingdon County. As to these underlying criminal proceedings, state court records reveal that on October 4, 2019, Andresen entered a plea of *nolo contendere* to barratry, a violation of 18 Pa. Cons. Stat. Ann. § 5109.[1] See Commonwealth v. Andresen, Crim. No. CP-31-CR-0000442 (Court of Common

---

[1] Pennsylvania defines the crime of barratry in the following terms: "A person is guilty of a misdemeanor of the third degree if he vexes others with unjust and vexatious suits." 18 Pa. Cons. Stat. Ann. § 5109.

Pleas of Huntingdon County, Pennsylvania). As a result of her conviction, Andresen was required to pay costs of prosecution and was fined. Wilson Andresen's guilty plea conviction on this state charge has proven to be an insurmountable obstacle to her sweeping false arrest and malicious prosecution claims and many of these claims and defendants have been dismissed from this case. Currently only one defendant, Trooper Thomas, and one legal claim, a Fourth Amendment excessive force claim, remain in this lawsuit.

With the issues framed in this fashion, there are several motions pending before the court. These motions include a motion for judgment on the pleadings, which alleges that the plaintiff's allegations against Trooper Thomas fail to state a Fourth Amendment excessive force claim. These allegations are limited to claims of verbal harassment of the plaintiff while she was attempting to dress at the time of her arrest, verbal harassment which the plaintiff contends caused her to stumble and fall. (Doc. 164). In addition, the plaintiff has filed two motions, which seek further discovery while this potentially dispositive motion is pending. (Docs. 173 and 184).

We believe that the motion for judgment on the pleadings raises significant legal issues which should be addressed prior to engaging in further discovery, particularly when we consider whether the defendant may be entitled to qualified immunity. Accordingly, for the reasons set forth below, we will: (1) order supplemental briefing on the question of whether Trooper Thomas is entitled to

qualified immunity; (2) stay further discovery pending the resolution of this motion for judgment on the pleadings; and (3) deny Wilson Andresen's motions for discovery without prejudice to renewal of these motions, if necessary, following the resolution of this potentially dispositive motion.

## II.    <u>Discussion</u>

Rulings regarding the proper scope and timing of discovery are matters consigned to the court's discretion and judgment. <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. <u>See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc</u>., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery]  matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." <u>Saldi v. Paul Revere Life Ins. Co.</u>, 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing <u>Scott Paper Co. v. United States</u>, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." <u>Kresefky v. Panasonic Commc'ns and Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J.1996); <u>see also Hasbrouck v. BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45 (N.D.N.Y.1999)

(holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We also note that our broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.'" Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (quoting Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973) (citation omitted)).

This discretion is guided, however, by certain basic principles. One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit

to go forward, recognizes a simple, fundamental truth: parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense, and burden of factual discovery until after these claimed legal defenses are addressed by the court.

In such instances, it is clearly established that:

"[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) ( citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson, 205 F.R.D. at 434.

Guided by these legal tenets, we conclude that further discovery should be briefly stayed at this time until after the court resolves the pending motion for judgment on the pleadings, finding that "a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" Id.

In this regard, we find that the defense motion for judgment on the pleadings raises substantial legal issues regarding whether alleged verbal abuse of an arrestee

constitutes a violation of the Fourth Amendment. These issues have particular

gravity when we consider whether Trooper Thomas may be entitled to qualified

immunity in this case, an issue we may raise *sua sponte*. Doe v. Delie, 257 F.3d 309,

312 (3d Cir. 2001).

On this score, as we have noted in the past:

> "Qualified immunity shields government officials from civil damages
> liability unless the official violated a statutory or constitutional right
> that was clearly established at the time of the challenged
> conduct." Reichle v. Howards, 566 U.S. 658, 664, 132 S.Ct. 2088, 182
> L.Ed.2d 985 (2012). A qualified immunity analysis involves two
> questions: whether the official violated a statutory or constitutional
> right, and whether that right was clearly established at the time of the
> challenged conduct. Ashcroft v. al-Kidd, 563 U.S. 731, 735, 131 S.Ct.
> 2074, 179 L.Ed.2d 1149 (2011). Lower courts have the discretion to
> decide which question to analyze first. Pearson v. Callahan, 555 U.S.
> 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). The Supreme Court
> has cautioned courts to "think carefully before expending scarce
> judicial resources to resolve difficult and novel questions of
> constitutional or statutory interpretation that will have no effect on the
> outcome of the case." Id. (internal quotations omitted); see also al-
> Kidd, 563 U.S. at 735, 131 S.Ct. 2074.

> An official's conduct violates clearly established law when, "at the time
> of the challenged conduct, '[t]he contours of [a] right [are] sufficiently
> clear' that every 'reasonable official would [have understood] that what
> he is doing violates that right.' " al-Kidd, 563 U.S. at 741, 131 S.Ct.
> 2074 (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct.
> 3034, 97 L.Ed.2d 523 (1987)). The Supreme Court has stated that this
> standard does not require a case directly on point, but requires that
> "existing precedent must have placed the statutory or constitutional
> question beyond debate." al-Kidd, 563 U.S. at 741, 131 S.Ct.
> 2074. "When properly applied, [qualified immunity] protects all but the
> plainly incompetent or those who knowingly violate the law." Id. at
> 743, 131 S.Ct. 2074 (quoting Malley v. Briggs, 475 U.S. 335, 341, 106

S.Ct. 1092, 89 L.Ed.2d 271 (1986)); see also Taylor v. Barkes, 575 U.S. 822, 135 S. Ct. 2042, 2044, 192 L.Ed.2d 78 (2015).

The dispositive question that the court must ask is "whether the violative nature of *particular* conduct is clearly established." Mullenix v. Luna, 577 U.S. 7, 136 S. Ct. 305, 308, 193 L.Ed.2d 255 (2015) (quoting al-Kidd, 563 U.S. at 742, 131 S.Ct. 2074). The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." Id.; see also Davenport v. Borough of Homestead, 870 F.3d 273, 281 (3d Cir. 2017). This "clearly established" standard ensures that an official can reasonably anticipate when his or her conduct may give rise to liability, and "protects the balance between vindication of constitutional rights and government officials' effective performance of their duties." Reichle, 566 U.S. at 664, 132 S.Ct. 2088.

Woodward v. Sabo, No. 1:19-CV-2048, 2022 WL 620597, at *4–5 (M.D. Pa. Jan. 21, 2022), report and recommendation adopted, No. 1:19-CV-2048, 2022 WL 614920 (M.D. Pa. Mar. 2, 2022). Furthermore, when undertaking this qualified immunity analysis:

At the "clearly established" step of the qualified immunity analysis, the question is "whether the officer had fair notice that her conduct was unlawful." Courts judge reasonableness against the backdrop of the law at the time of the conduct. "Although there need not be 'a case directly on point for a right to be clearly established, existing precedent must have placed the ... constitutional question beyond debate.' " We first look to factually analogous precedent in the Supreme Court and the Third Circuit Court of Appeals to determine whether that body of law clearly establishes the right at issue in such a way that "a reasonable officer would anticipate liability for this conduct." We then consider whether a "robust consensus" of persuasive authority clearly establishes the right.

Rivera v. Monko, 37 F.4th 909, 919 (3d Cir. 2022) (footnotes omitted).

The instant case calls to mind these guiding legal principles governing qualified immunity since the parties' briefs have not identified a single case in which alleged verbal harassment of an arrestee constituted excessive force in violation of the Fourth Amendment. Thus, no one has identified factually analogous Supreme Court precedent or a robust consensus of case law supporting the plaintiff's Fourth Amendment verbal harassment claims. Finding that there are substantial and unresolved questions regarding the application of qualified immunity to Trooper Thomas' conduct, and acknowledging that qualified immunity is intended "to avoid 'subject[ing] government officials either to the costs of trial or to the burdens of broad-reaching discovery' in cases where the legal norms the officials are alleged to have violated were not clearly established at the time," Mitchell v. Forsyth, 472 U.S. 511, 526 (1985), we conclude that a stay of discovery is necessary while we address this legal issue.

An appropriate order follows.

### III.   **Order**

In accordance with the accompanying memorandum, IT IS ORDERED as follows:

First, on or before **August 17, 2022**, the parties shall submit supplemental briefs addressing whether Trooper Thomas is entitled to qualified immunity in this case.

Second, discovery is STAYED pending resolution of the outstanding motion for judgment on the pleadings. (Doc. 164).

Third, the plaintiff's motions for additional discovery, (Docs. 173 and 184), are DENIED without prejudice to renewal of these motions, if necessary, following the resolution of this potentially dispositive motion.

So ordered this 2d day of August 2022.

_S/Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge